NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA VENTRESCA,<br><br>        Plaintiff,<br><br>v.<br><br>JOSEPH AND MARY HAVILAND and CELESTE GRABOWSKI,<br><br>        Defendants. | Civil Action No. 18-11362 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

  This matter comes before the Court on Defendant Celeste Grabowski's motion for summary judgment. The Court has reviewed the papers and proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendant's motion for summary judgment is granted.

 **I.** **BACKGROUND**

  Plaintiff Theresa Ventresca initiated this action for compensatory damages based on injuries she sustained while attending a bridal shower at the home of Defendant Celeste Grabowski. Plaintiff's First Amended Complaint brings claims against Defendant Grabowski for negligence and common law strict liability.[1] Plaintiff also seeks to hold Defendant liable for violating a Denville Township local ordinance. The parties agree to the following factual account.

---

[1] The First Amended Complaint brought the same claims against Defendants Joseph and Mary Haviland. On January 23, 2019, all claims against Defendants Joseph and Mary Haviland were voluntarily dismissed as agreed by both parties.

1

On June 3, 2017, Plaintiff Theresa Ventresca attended a bridal shower at the home of Defendant Celeste Grabowski, located at 85 Cooper Road, Denville, New Jersey. The bridal shower was hosted and organized by the bride's sisters, Lauren and Kelly Mulholland. Defendant Grabowksi was aware that her home was being used for the shower and was present at the home on the day of the party.

The Mulhollands arrived at Defendant's home around 9:00 A.M. to set up for the bridal shower. While making preparations for the party, Defendant Grabowski's dog, Denali, was tethered with a nylon leash to a pine tree outside of the main door of the house. While tied to the pine tree, Denali could not reach any of the individuals who were walking throughout the yard and setting up for the party. During this time, there were eight (8) people on the premises, including Defendant.

Guests were to arrive at the property at 2:00 P.M. for the bridal shower. At or shortly after 1:30 P.M., Plaintiff Theresa Ventresca arrived at the home for the party. Plaintiff was accompanied by several relatives including Antionette Rosenhan, Lila Rosenhen, Melissa Rosenhen, Joanne Ventresca, and Ilene Rosenhan Pupczyk.

While completing preparations for the bridal shower, Kelly Mullholland asked Ms. Grabowksi to get more ice for the beverage coolers. Prior to getting the ice, Ms. Grabowski unleashed Denali and both Ms. Grabowski and the dog proceeded down the sidewalk.

Plaintiff alleges that, at this point, Denali sped up, out of view of Ms. Grabowski, and entered the driveway. This factual account is confirmed by Defendant's relatives, including Antionette Rosenhan, Melissa Rosenhen, Joanne Ventresca, and Ilene Rosenhan Pupczyk, whose depositions were submitted by Plaintiff in opposition to the subject motion. The parties agree that Denali was running at a high speed as he approached the driveway and "zoomed" around

Plaintiff. The parties further agree that Denali was "barrel racing" around Defendant and the five (5) witnesses. Defendant alleges, and Plaintiff disputes, that Ms. Grabowski accompanied the dog down the driveway and was present when the dog approached Plaintiff and the group of guests. Plaintiff claims that Denali approached the group and jumped on and knocked Plaintiff down prior to the arrival of Defendant. Defendant contests that the dog ever made physical contact with Plaintiff and claims that Plaintiff was on her feet when the dog approached the group. Plaintiff alleges that Defendant did not have the dog within her control when the dog approached Plaintiff and knocked her down.

As a result of her fall to the ground, Plaintiff suffered a fractured and displaced hip. The injury required Plaintiff to undergo surgery and have rods and screws installed in her hip. To date, Plaintiff has not regained her full range of mobility and motion and requires the assistance of caregivers to assist with her permanent injuries.

## II.     SUBJECT MOTION

Defendant filed a motion for summary judgment and claims that she is entitled to judgment as a matter of law because she did not breach any duty owed to Plaintiff. Defendant argues that based on the undisputed facts of this case, summary judgment is warranted. Specifically, Defendant argues that Defendant did not know or have any reason to know that her dog posed a danger to anyone or had a history of jumping on people and Plaintiff has failed to present any evidence to the contrary. Because of this, Defendant claims that the required elements for negligence have not been met and summary judgment is appropriate.

In response to Defendant's motion, Plaintiff claims that there are material questions of fact relating to the dog's propensity to jump on people. Plaintiff seems to argue that the fact that Defendant generally leashed her dog, and Defendant's decision to tie the dog to a tree, is

indicative that she knew that the dog posed a danger or had a propensity to jump on people. Additionally, Plaintiff contests the introduction of affidavits from both Teresa Mucci and Paula Kirby.

### III. DISCUSSION

#### A. Legal Standard

Federal Rule of Civil Procedure 56(a) sets the standard the Court must apply to Defendant's motion for summary judgment. Rule 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (construing the similarly worded Rule 56(c), predecessor to the current summary judgment standard set forth in Rule 56(a)). It is well-established that a factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and material if, under the substantive law, the dispute would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a district court "must view the evidence 'in the light most favorable to the opposing party.'" Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). It may not make credibility determinations or engage in any weighing of the evidence. Anderson, 477 U.S. at 255; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (holding same).

Once the moving party has satisfied its initial burden, the nonmoving party must establish the existence of a genuine issue as to a material fact in order to defeat the motion. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). To create a genuine issue of material fact, the nonmoving party must come forward with sufficient evidence to allow

a jury to find in its favor at trial. Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001), overruled on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emp'rs, 134 S. Ct. 773 (2014). The party opposing a motion for summary judgment cannot rest on mere allegations; instead, it must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; see also Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) (holding that "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment").

    B.  Analysis

        a.  Affidavits of Teresa Mucci and Paula Kirby

As a preliminary matter, the Court will briefly address the inclusion of affidavits submitted by the Defendant in support of her motion for summary judgment. Defendant has submitted affidavits of Teresa Mucci and Paula Kirby, both of whom were familiar with Defendant's dog, Denali, prior to the incident at the bridal shower. These individuals testified to their interactions with Denali and Denali's general demeanor. Specifically, both individuals testified that they had never observed Denali to be overly affectionate and had never seen him jump on a person or cause any injuries to any individual. In response, Plaintiff alleges that Defendant failed to disclose the names of Teresa Mucci or Paula Kirby as potential witnesses, and therefore, Plaintiff was denied the opportunity to depose these individuals. Subsequently, Plaintiff states that the Court should not consider these affidavits and Defendant should not be permitted to introduce this testimony.

For the purpose of the subject motion for summary judgment, the Court need not and will not consider the affidavits provided by Teresa Mucci or Paula Kirby. Defendant's motion for

summary judgment is based on Defendant's allegation that Plaintiff has failed to show that Defendant knew or should have known of her dog's dangerous propensities, specifically, the dog's propensity to jump on individuals or act in an overly affectionate way so as to pose a risk to others. Defendant claims that she is entitled to judgment as a matter of law because Plaintiff has failed to allege any facts establishing the requisite scienter to adequately meet the elements of a negligence action. Here, Defendant's inclusion of supporting evidence showing that Denali was well behaved does not serve as a basis to grant or deny Defendant's motion. Rather, the burden lies with Plaintiff to present sufficient evidence of Defendant's knowledge that the dog had a propensity to jump on individuals. As such, the Court will not consider the affidavits of Teresa Mucci or Paula Kirby in its analysis of Defendant's motion for summary judgment. The Court will instead determine whether Plaintiff has presented sufficient evidence that creates a genuine issue as to a material fact for trial.

    b. Violations of the Ordinances and Laws of the Township of Denville

Plaintiff alleges that Defendant Grabowski violated the ordinances and laws of the Township of Denville by permitting her dog to run unleashed on her private property. Pursuant to Denville Animal Control Ordinance § 5-8.1, animal owners are prohibited from allowing their animals to "be off the [owner's] premises . . . or be upon a public street or other public place in the Township" unless the animal is accompanied by its owner and secured on a leash. Here, there is no dispute that Denali, Defendant's dog, was unleased. For the purpose of the subject motion only, the Court will view the evidence in the light most favorable to Plaintiff and assume that Denali was unaccompanied by Defendant when he proceeded down the driveway. Assuming this, the Court finds that there is no merit to Plaintiff's claims that Defendant was in violation of local ordinances and laws. The parties agree that the incident wherein Plaintiff fell occurred on

Defendant's property. The dog ran from a tree close to Defendant's residence and proceeded down Defendant's driveway, never escaping the property. Local ordinances only require animal owners to accompany and leash their animals when the animal is on another person's private property or the animal is on public property. Here, the dog was on Defendant's private property and Defendant was under no obligation, per any Denville Township ordinances or laws, to leash her dog. Because no reasonable jury could find, based on the undisputed facts, that Defendant was in violation of such local laws, the Court will grant summary judgment in favor of Defendant as to the second cause of action listed in the First Amended Complaint.

      c.   Common Law Strict Liability Claims

Under common law, New Jersey courts will impose strict liability for injuries caused by a domestic animal whose owner knew of the animal's dangerous propensities. See Hayes v. Mongiovi, 121 N.J. Super. 272, 275 (Dist. Ct. Nov. 1, 1972) (noting that New Jersey's statute implementing strict liability on dog owners when a dog bites an individual "did not eliminate the common law cause of action where scienter is proved" when one is injured but not bitten by the dog). The Appellate Division, in Fertitta-Zepp v. Gaitway Farms, Inc., explains when an animal owner is strictly liable for injuries cause by the owner's domestic animal:

> An owner of a domestic animal . . . that is "not necessarily inclined to commit mischief ... is not liable for an injury committed by [the animal], unless he had notice of a mischievous propensity in the animal, or the injury arose from some neglect on his part." If, however, the owner had "knowledge of its mischievous or vicious propensities," he is strictly liable for any injuries caused by the animal, regardless of the precautions he took. Reasonable care in this context is irrelevant because "the gravamen of the injury [is] the wrong of keeping the animal with the knowledge of its viciousness."

2011 WL 2410308, at *3 (App. Div., May 20, 2011) (internal citations omitted). The Defendant's requisite scienter must be met in order to impose strict liability for such injuries.

Here, to defeat Defendant's motion for summary judgment on claims of strict liability, Plaintiff must present evidence that creates a genuine issue of fact as to Defendant's prior knowledge of her dog's propensity to jump on individuals or act in a dangerous manner.

Plaintiff presents no actual evidence that Defendant knew or had reason to know that her dog had a propensity to jump on individuals or act in a way that could cause injury. Plaintiff claims that Defendant's decision to leash her dog in the morning, while setting up for the bridal shower, is indicative of such knowledge. Plaintiff further claims that Defendant's statement that her dog would "head straight for you and barrel race around" shows that the dog had a propensity to charge at individuals and place individuals at risk. (Dep. of Celeste Grabowski dated July 18, 2019, 25.) The Court rejects both of these arguments.

Neither Defendant's statement nor Defendant's decision to leash her dog serve as evidence that Defendant knew or should have known of her dog's dangerous propensities. The Court finds that Plaintiff is making mere allegations regarding Defendant's purported knowledge and these contentions fail to create a genuine issue as to a material fact for trial. Defendant's statement about her dog's tendency to run and circle around individuals provides no showing that the dog was inclined to injure those individuals. Similarly, Plaintiff provides no support for her conclusion that Defendant's decision to leash her dog was motivated by her knowledge that the dog was dangerous. As such, Plaintiff provides no evidence that Defendant meets the scienter requirement for a finding of strict liability, and Plaintiff's claims are insufficient to defeat Defendant's motion for summary judgment.

    d.  Negligence Claims

When a domestic animal causes an injury but exhibited no prior signs of dangerousness, or the owner was unaware of such tendencies, the owner may be liable for common law

negligence. "In those cases, the owner should not be liable unless a plaintiff can prove the defendant's negligence in failing to prevent the injury." DeRobertis v. Randazzo, 94 N.J. 144, 156 (1983). To establish that a defendant acted negligently, plaintiff must show that defendant breached his or her duty to plaintiff. In negligence cases involving injuries caused by domestic animals, the New Jersey Supreme Court has established that "[t]he duty owed is 'commensurate with the danger to others which will follow' if the dog escaped from the owner's control." Id. (quoting DeGray v. Murray, 69 N.J.L. 458, 461 (1903) (rev'd on other grounds)).

Defendant alleges that Plaintiff was a social guest at her home on the day of the bridal shower and Defendant is only subject to liability for dangerous conditions on the land that defendant knew or should have known about. Because Defendant had no prior knowledge that her dog was likely to jump on Plaintiff, Defendant argues that she cannot be held liable for the resulting injuries. The Court notes that the duty of care cited by Defendant applies to claims of negligence regarding all conditions on a property owner's land and resulting injuries from those dangerous conditions. Because the New Jersey Supreme Court has specifically stated the duty of care owed to plaintiffs in cases where domestic animals with no known dangerous predispositions attack, this Court will apply that standard in evaluating Defendant's liability.

Plaintiff cites several cases in opposition to Defendant's motion for summary judgment on the negligence claims. Upon reviewing Plaintiff's submission and the case law cited, the Court notes that none of these cases support a finding of negligence upon Defendant based on the facts presented in this case. Rather, Plaintiff merely cites these cases to establish that a finding of negligence may be made where a domestic animal attacks an individual and the owner of that animal was unaware of the animal's dangerous propensities. Such a finding may be made when the animal owner fails to exercise the requisite duty of care in controlling the animal.

In the matter at bar, Plaintiff alleges that Defendant unleashed her dog while on her own property after the dog had been tethered to a tree for several hours. There is no evidence in the record that the dog was unruly or agitated prior to being unleashed. Furthermore, there is no evidence in the record that the dog had a history of being overly affectionate or had a tendency to act in a way that posed a danger to others. Defendant unleashed her dog and the dog proceeded down the driveway with Defendant following behind at approximately 1:30 P.M. According to Plaintiff, the dog was out of view of Defendant when he proceeded down the driveway. At around the same time, Plaintiff and her relatives arrived at Defendant's home for the bridal shower. The bridal shower was scheduled to begin at 2:00 P.M. At some point after Plaintiff exited her car, the dog jumped on Plaintiff. Plaintiff fell and sustained major injuries.

An animal owner may be found negligent if the owner fails to exercise the requisite duty of care in controlling his or her animal. Here, the facts, as alleged in the light most favorable to Plaintiff, show that Defendant unleashed her dog while on her own property thirty minutes prior to the anticipated arrival of guests. Plaintiff has cited no authority that supports a finding of negligence based on analogous circumstances. In fact, Plaintiff's sole legal support for her allegation that Defendant was negligent in this case is based on her interpretation of a Denville Township's animal control ordinance. Local Ordinance § 5-8.1 prohibits domestic animal owners from unleashing their animals outside of their own private property. Defendant argues that the imposition of this ordinance highlights the dangers of unleashing one's animal and therefore, Defendant was negligent for unleashing her dog on her own property. The Court finds that this argument lacks merit. First, this ordinance permits the conduct that Defendant engaged in, namely, allowing one's dog to roam unleashed on the owner's private property. Second, the enactment of an ordinance prohibiting conduct in certain locations does not necessarily mean

that the prohibited conduct is dangerous. Such an assumption is improper, and the Court rejects this argument.

The Court is unaware of any authority which would lead a trier of fact to find that Defendant was negligent based on the conduct exhibited in this case. The Court finds that as a matter of law, no duty of care owed to Plaintiff was violated. Because of this, a reasonable jury could not conclude that Defendant acted negligently based on the facts presented. Thus, the Court will grant summary judgment in favor of Defendant on claims that Defendant was negligent.

### IV. CONCLUSION

For the reasons discussed, Defendant has demonstrated that she is entitled to summary judgment on all claims in the First Amended Complaint. Defendant's motion for summary judgment will be granted in full. An appropriate Order will be filed.

                                                  s/ Stanley R. Chesler  
                                                  STANLEY R. CHESLER  
                                                  United States District Judge

Dated: July 17, 2020